# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTOPHER SCOTT,<br><br>Plaintiff,<br><br>v.<br><br>NEW RELIC, INC., WILLIAM STAPLES, LEWIS CIRNE, HOPE COCHRAN, SUSAN D. ARTHUR, PHALACHANDRA BHAT, ANNE DELSANTO, KEVIN GALLIGAN, DAVID HENSHALL, RADHAKRISHNAN MAHENDRAN, and TAKESHI NUMOTO,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Christopher Scott ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

## NATURE OF THE ACTION

1. Plaintiff brings this action against New Relic, Inc. ("New Relic" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed acquisition of the Company by Francisco Partners Management, L.P. ("FP") and TPG Global, LLC ("TPG").[1]

---

[1] The proposed business combination described herein is referred to as the "Proposed Transaction."

2. On July 30, 2023, New Relic entered into an Agreement and Plan of Merger (the "Merger Agreement") with Crewline Buyer, Inc. ("Parent") and Crewline Merger Sub, Inc. ("Merger Sub").[2] The Merger Agreement provides that New Relic stockholders will receive $87.00 in cash per share of Company common stock in connection with the Proposed Transaction.

3. The Company's corporate directors subsequently authorized the September 25, 2023, filing of a materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that Company stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4. It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights, among other things.[3]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

---

[2] Parent and Merger Sub are each affiliated with an investment fund affiliated with TPG.

[3] The Special Meeting at which stockholders are asked to approve Proposed Transaction currently is scheduled for November 1, 2023.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District or is an individual with sufficient minimum contacts with this District to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is, and has been at all times relevant hereto, the owner of New Relic common stock.

10. Defendant New Relic is a Delaware corporation with its principal executive offices located at 188 Spear Street, Suite 1000, San Francisco, California 94105. New Relic's shares trade on the New York Stock Exchange under the ticker symbol "NEWR." Founded in 2007, New Relic is a software-as-a-service company that delivers a software platform for customers to collect telemetry data and derive insights from that data in a unified front-end application. The Company offers a suite of products on its open and extensible cloud-based platform, which enables users to collect, store, and analyze telemetry data. New Relic's platform also provides New Relic Instant Observability, an open-source ecosystem of

quickstarts that delivers pre-built integrations, dashboards, and alerts for approximately 450 technologies and frameworks and supports custom app development through common open-source frameworks, a library of existing applications, and a development environment.

11. Defendant William Staples has been Chief Executive Officer and a director of the Company at all times relevant hereto.

12. Defendant Lewis Cirne, the Company's Founder, is and has been Executive Chairman of the Board and a director of the Company at all times relevant hereto, and previously served as the Company's Chief Executive Officer.

13. Defendant Hope Cochran is and has been Vice Chair and Lead Independent Director of the Company at all times relevant hereto.

14. Defendant Susan D. Arthur is and has been a director of the Company at all times relevant hereto.

15. Defendant Phalachandra Bhat is and has been a director of the Company at all times relevant hereto.

16. Defendant Anne DelSanto is and has been a director of the Company at all times relevant hereto.

17. Defendant Kevin Galligan is and has been a director of the Company at all times relevant hereto.

18. Defendant David Henshall is and has been a director of the Company at all times relevant hereto.

19. Defendant Radhakrishnan Mahendran is and has been a director of the Company at all times relevant hereto.

20. Defendant Takeshi Numoto is and has been a director of the Company at all times relevant hereto.

21. Defendants identified in paragraphs 11-20 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

22. On July 31, 2023, the Company announced in relevant part:

New Relic (NYSE: NEWR), the all-in-one observability platform for every engineer, today announced that it has entered into a definitive agreement to be acquired by Francisco Partners, a leading global investment firm that specializes in partnering with technology businesses, and TPG, a leading global alternative asset management firm, for $87.00 per share in cash. The all-cash transaction values New Relic at an equity valuation of approximately $6.5 billion.

The purchase price represents a premium of approximately 26% to New Relic's 30-day volume-weighted average closing price ending on July 28, 2023, and approximately a 30% premium to New Relic's last-twelve-months volume-weighted average closing price ending on July 28, 2023. Upon completion of the transaction, New Relic will become a private company with enhanced flexibility to continue investing in its leading observability platform and meeting the data and efficiency needs of its customers.

Hope Cochran, Lead Independent Director of the New Relic Board, said, "We are pleased to have reached this agreement with Francisco Partners and TPG, which delivers significant, immediate value to shareholders. This transaction is the result of a comprehensive process that included engagement with both financial and strategic parties, led by a transaction committee that included representatives of two of our largest public shareholders. The Board is unanimous in its belief that today's transaction appropriately reflects the Company's innovative and strong business while maximizing shareholder value, and I am immensely proud to have worked alongside New Relic's outstanding management team and my fellow Directors to transform New Relic at this pivotal time."

Lew Cirne, Founder and Executive Chairman of the New Relic Board, said, "Ever since our founding over 15 years ago, New Relic has created and delivered groundbreaking innovations, with a maniacal focus on delivering a leading observability platform to help our customers deliver better software faster. We

are pleased to partner with Francisco Partners and TPG, who are committed to continuing to build upon New Relic's strong foundation and achieve its full potential."

Bill Staples, CEO of New Relic, said, "New Relic has made significant progress on its consumption business transition and, together with Francisco Partners and TPG, we will have the resources and flexibility to not only complete the final chapter of this transition, but also accelerate our strategy and provide customers with a standardized data-driven practice that any company can benefit from. I am proud of all that the team at New Relic has achieved, and I thank each of our employees for executing in a dynamic market and contributing to our continued success."

"We've always admired New Relic's best-in-class technology platform and New Relic's continued commitment to provide its customers with a product that continually exceeds expectations," said Dipanjan "DJ" Deb, co-founder & CEO of Francisco Partners.

"We continue to see tremendous opportunity for New Relic given their unique position in an evolving industry, and as a private company we believe they will achieve their full potential and optimize observability," said Brian Decker and Evan Daar, Partners at Francisco Partners.

"As technology continues to become more feature rich and AI-enabled, the need for visibility is only increasing," said Nehal Raj, Co-Managing Partner of TPG Capital. "New Relic is a pioneer in the observability market, providing developers and engineers with a unified platform to proactively monitor and manage mission critical applications."

"Digital infrastructure management is a key thematic focus area for TPG, and we're excited to partner with New Relic to grow the company's customer relationships and continue enhancing its product capabilities," continued TPG's Art Heidrich. TPG will invest in New Relic through TPG Capital, the firm's U.S. and European late-stage private equity platform.

"We have appreciated the partnership with New Relic's directors and management team over the past few years as the company has executed its business model transformation and achieved profitable growth. We enthusiastically support this transaction, which we firmly believe represents the best outcome for shareholders," said directors RK Mahendran, Partner at HMI Capital Management, and Kevin Galligan, Partner at JANA Partners.

**Approvals and Timing**

The transaction was approved by the New Relic Board of Directors. New Relic shareholders Lew Cirne, JANA Partners LLC, and HMI Capital Management L.P., representing approximately 20% of New Relic's outstanding shares, have signed voting agreements in support of the transaction. As part of this transaction, Mr. Cirne will be rolling over approximately 40% of his beneficial shareholdings.

The transaction is expected to close in late 2023 or early 2024, subject to the satisfaction of customary closing conditions and certain regulatory items, including the approval of New Relic's shareholders and expiration of the waiting period under the Hart-Scott-Rodino Antitrust Improvements Act of 1976. The transaction is not subject to a financing condition. Upon completion of the transaction, New Relic common stock will no longer be listed on any public market.

Under the terms of the agreement, New Relic may solicit alternative acquisition proposals from third parties during a 45-day "go-shop" period following the date of execution of the merger agreement. The New Relic Board of Directors will have the right to terminate the merger agreement to enter into a superior proposal subject to the terms and conditions of the merger agreement. There can be no assurances that the "go-shop" will result in a superior proposal. New Relic does not intend to disclose developments related to the solicitation process unless it determines such disclosure is appropriate or is otherwise required.

**First Quarter Earnings and Conference Call Update**

Separately, New Relic today announced its first quarter fiscal year 2024 financial results, which can be found on New Relic's investor relations website at http://ir.newrelic.com. In light of the announced transaction with Francisco Partners and TPG, New Relic has canceled the earnings conference call previously scheduled for August 8, 2023, at 2:00 p.m. PT / 5:00 p.m. ET.

**Advisors**

Qatalyst Partners is serving as financial advisor to New Relic, and Latham & Watkins LLP is acting as legal counsel.

Morgan Stanley & Co. LLC is acting as lead financial advisor to Francisco Partners and TPG. Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, and Moelis & Company are also advising the firms. Davis Polk & Wardwell LLP, Paul Hastings LLP, and Kirkland & Ellis LLP are acting as legal counsel to Francisco Partners and TPG. Freshfields Bruckhaus Deringer US LLP is acting as legal counsel to Mr. Cirne.

**The Materially Incomplete and Misleading Proxy Statement**

23.     The Board caused to be filed the materially incomplete and misleading Proxy Statement with the SEC on September 25, 2023  The Proxy Statement, which recommends that New Relic stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the Company's financial forecasts; (b) the financial analyses underlying the fairness opinion provided by financial advisor Qatalyst Partners LP ("Qatalyst"); (c) information critical to the consummation of the Proposed Transaction; and (d) potential conflicts of interest faced by Company insiders.

*Material Misrepresentations and/or Omissions Concerning the Company's Financial Forecasts*

24.     The Proxy Statement fails to disclose material information concerning the Company's financial forecasts, including the Company's projected unlevered free cash flows for the second quarter of fiscal year 2024 through fiscal year 2027.[4]

25.     The Proxy Statement further fails to disclose New Relic's unlevered free cash flows with respect to its Updated Long-Term Model financial projections for calendar years 2024 through 2028.[5]

26.     The Proxy Statement also fails to disclose a summary of any unlevered free cash

---

[4] *See* Proxy Statement at 55, stating that Qatalyst relied upon and utilized these forecasts in connection with the *Discounted Cash Flow Analysis* underpinning its fairness opinion.

[5] The Proxy Statement also fails to disclose how these unlevered free cash flows were calculated or their underlying line items.

flows based upon the Company's Initial Long-Term Model forecast.[6]

***Material Misrepresentations and/or Omissions Concerning the Financial Analyses Prepared by Qatalyst***

27. The Proxy Statement fails to disclose material information concerning the financial analyses prepared by Qatalyst.

28. With respect to the *Discounted Cash Flow Analysis* performed by Qatalyst, the Proxy Statement fails to disclose: (a) the Company's terminal values; (b) New Relic's net cash as of June 30, 2023; (c) the net present value of estimated federal tax savings due to its net operating losses for the fiscal years 2028 and beyond; (d) the value of New Relic's redeemable non-controlling interest in New Relic K.K.; (e) the Company's fully diluted shares outstanding; and (f) the estimates of future dilution provided by Company management.

29. With respect to the *Selected Company Analysis* and *Selected Precedent Transactions Analysis* performed by Qatalyst, the Proxy Statement fails to disclose the respective, individual financial metrics for each of the selected companies and transactions analyzed by the financial advisor, as well as New Relic's fully diluted outstanding shares.

***Material Misrepresentations and/or Omissions Concerning Relevant Events Critical to the Consummation of the Proposed Transaction***

30. The Proxy Statement fails to disclose material information concerning the terms of the confidentiality agreement into which the Company entered with an interested party during the "go-shop period," including whether those agreements contains a "don't-ask, don't-

---

[6] With respect to the Initial Long-Term Model and the Updated Long-Term Model, the Proxy Statement fails to disclose all line items underlying the Company's Gross Profit and Operating Income.

waive" standstill provision that is still in effect and presently precluding the interested party from submitting a topping bid for the Company.

*Material Misrepresentations and/or Omissions Concerning Company Insiders' Potential Conflicts of Interest*

31. The Proxy Statement fails to disclose material information concerning the potential conflicts of interest faced by Company insiders, including whether any of the proposals or indications of interest by FP or TPG mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

32. The omission of the above-referenced information renders statements in the "Summary of Management Projections," "Opinion of Qatalyst Partners," "Background of the Merger," and "Interests of Executive Officers and Directors of New Relic in the Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.

33. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of the Company will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and New Relic**

34. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

35. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. New Relic is liable as the issuer of these statements.

36. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

37. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

38. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

39. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

40. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

41. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

42. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

43. The Individual Defendants acted as controlling persons of New Relic within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of New Relic and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

44. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

45. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the transactions giving rise to the violations as alleged herein and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

46. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

47. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of the Company, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: October 10, 2023　　　　　　　　　　**LONG LAW, LLC**

　　　　　　　　　　　　　　　　　　By:　*/s/ Brian D. Long*
　　　　　　　　　　　　　　　　　　　　　Brian D. Long (#4347)
　　　　　　　　　　　　　　　　　　　　　3828 Kennett Pike, Suite 208
　　　　　　　　　　　　　　　　　　　　　Wilmington, DE 19807
　　　　　　　　　　　　　　　　　　　　　Telephone: (302) 729-9100
　　　　　　　　　　　　　　　　　　　　　Email: BDLong@LongLawDE.com

　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*